## STATE EX REL. MARSHALL McMONAGLE v. MIKE KONSHAK.[1]

### April 20, 1917.

### Nos. 20,459—(239).

**Habeas corpus.**

The writ of *habeas corpus* is a process by which a person, unlawfully imprisoned or restrained of his liberty, may obtain relief from such imprisonment or restraint. A person at liberty on bail, who voluntarily causes one of his bondsmen to surrender him into custody, is not entitled to sue out the writ.

Upon the relation of Marshall McMonagle, the district court for Meeker county granted its writ of *habeas corpus* directed to Mike Konshak as sheriff of that county. On the return day the court, Qvale, J., quashed the writ. From the order quashing the writ, relator appealed. Affirmed.

*Alva R. Hunt,* for relator.

*Raymond H. Dart,* County Attorney, for respondent.

[1]Reported in 162 N. W. 353.

HALLAM, J.

Relator was arrested charged with rape. On a preliminary examination before a justice of the peace he was committed to await the action of the grand jury. He procured a writ of *habeas corpus* to test the validity of his detention. Before the return day of the writ he furnished bail and was released from custody, and the trial court quashed the writ on the ground that inasmuch as the relator was at liberty there was no relief which he could obtain by means of a writ of *habeas corpus*. Thereupon one of relator's bondsmen surrendered relator to the custody of the magistrate and he then procured another writ of *habeas corpus*. But it was made to appear on the return of the writ that the surrender of relator was made at his own request, and that the sole purpose of the surrender was to place him in a position to sue out another writ of *habeas corpus*. On the return day the trial court quashed the writ. In our opinion the trial court was right.

The writ of *habeas corpus* is a process by which a person unlawfully imprisoned or otherwise restrained of his liberty may obtain relief from such imprisonment or restraint. G. S. 1913, § 8283. It is not a substitute for the right of appeal. It does not furnish a method of review of judgments or orders, unless the relator is, by means of such order, deprived of his liberty. To render the writ available, there must be an actual restraint of liberty. A person who is at liberty on bail is not imprisoned or restrained and is not entitled to the writ. He has his liberty. He has no need to sue for it. Church, Habeas Corpus, § 95; Wharton, Criminal Pleading, § 989; Palmer v. State, 170 Ala. 102, 54 South. 271, Ann. Cas. 1912C, 950. And if the relator is in custody he has no occasion to resort to the writ of *habeas corpus* unless the imprisonment or restraint be against his will. If voluntary on his part he has no occasion to resort to this proceeding to secure his release. The writ of *habeas corpus* is not designed to secure immunity from imprisonment at some future time but only to secure release from present enforced imprisonment or restraint. It should follow that, where one charged with crime has been released on bail and has his liberty, his voluntary surrender of himself to the custody of an officer of the law does not give him the right to invoke a writ of *habeas corpus*, for he needs no writ to secure his liberty. This is the reasonable rule and it

is also the rule sustained generally by authority. Commonwealth v. Green, 185 Pa. St. 641, 40 Atl. 96; Commonwealth v. Fenicle, 20 Pa. Co. Ct. 68; In Re Miller, 13 Cal. App. 564, 110 Pac. 139; In Re Gow, 139 Cal. 242, 73 Pac. 145; Matter of Ford, 160 Cal. 334, 116 Pac. 757, 35 L.R.A.(N.S.) 882, Ann. Cas. 1912D, 1267; Ex Parte Schmitz, 150 Cal. 663, 89 Pac. 438; In Re Dykes and Baker, 13 Okla. 339, 74 Pac. 506; 21 Cyc. 290.

Order affirmed.