**Hugh A. BOWEN, Petitioner,**

v.

**Dr. J. D. HARRIS, Warden, Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.**

Civ. A. No. 14576-4.

United States District Court
W. D. Missouri, W. D.

Jan. 13, 1964.

Edward V. Sweeney, Monett, Mo., for petitioner.

F. Russell Millin, U. S. Atty., by William A. Kitchen, Asst. U. S. Atty., Kansas City, Mo., for respondent.

BECKER, District Judge.

Petitioner was convicted, in 1933, in the United States District Court for the Northern District of Georgia, of a murder committed in 1930 on the Government Reservation known as the Chickamauga and Chattanooga National Park within the exterior limits of the State of Georgia He was sentenced to imprisonment for life.

While imprisoned at the Medical Center for Federal Prisoners at Springfield, Missouri, petitioner filed the present petition for writ of *habeas corpus* charging, in substance, that:

1. The federal government did not have jurisdiction over crimes committed in the Chickamauga and Chattanooga National Park.

2. Petitioner was transferred from one state to another without a removal hearing.

3. Petitioner spent two years in jail without a hearing before coming to trial.

4. There was no court reporter at petitioner's trial.

5. The name of one witness was not furnished to petitioner prior to his trial.

6. A member of the jury was prejudiced and biased.

7. The members of the grand jury who returned the indictment against petitioner were not properly selected in that they came from only one division.

This Court entered an order to show cause and appointed Edward V. Sweeney,

Esquire, a member of the bar of this Court as counsel for petitioner.

Subsequently both Mr. Sweeney and Chester E. Wallace, Esquire, who represented petitioner in a contemporaneous action under Title 28 U.S.C.A. § 2255 in the United States District Court for the Northern District of Georgia, notified this Court, in writing, that petitioner had been granted parole and had been released from the Springfield Medical Center, and both suggested that the present action be dismissed as moot.

Pursuant to telephone inquiry the respondent has informed the Court that petitioner's parole officer is located in Atlanta, Georgia.

This Court is of the opinion that the dispute between petitioner and Dr. J. D. Harris as stated in the petition on file herein has become moot because respondent, Dr. J. D. Harris, no longer holds petitioner in his custody, and because it is not alleged, nor does it appear, that there is within the territorial jurisdiction of this Court an appropriate respondent with custody. United States ex rel. Lynn v. Downer, 322 U.S. 756, 64 S.Ct. 1263, 88 L.Ed. 1585; United States ex rel. Innes v. Crystal, 319 U.S. 755, 63 S.Ct. 1164, 87 L.Ed. 1708; Zimmerman v. Walker, 319 U.S. 744, 63 S.Ct. 1027, 87 L.Ed. 1700; Weber v. Squier, 315 U. S. 810, 62 S.Ct. 800, 86 L.Ed. 1209.

It is not necessary to determine the effect upon this Court's jurisdiction of a removal of a petitioner from this district *pendente lite* when an appropriate respondent with custody remains amenable to the process of this Court. See Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, l. c. 376–378, 9 L.Ed.2d 285, l. c. 290–291; Ex parte Endo, 323 U.S. 283, 65 S.Ct. 208, l. c. 219–221, 89 L.Ed. 243, l. c. 257–258.

Neither is the Court presented with a case where, in anticipation of the issuance of a writ, the petitioner is removed, with or without force, from the jurisdiction of the Court with a purpose to evade the *habeas corpus* proceedings. See Ex parte Endo, supra, 323 U.S. 283, 65 S.Ct. at 219–221, 89 L.Ed. at 257–258;

Ex parte Flick (D.D.C.) 76 F.Supp. 979, l. c. 981.

Nor is it necessary to decide whether or in what court the petitioner has a right to litigate the validity of his conviction while on parole. But see Jones v. Cunningham, supra, 371 U.S. 236, 83 S.Ct. at 377, 9 L.Ed.2d at 291.

It is therefore

Ordered that the petition for writ of *habeas corpus* on file herein be, and the same is hereby, dismissed without prejudice as moot.