*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0905**

Jason James Lindgren, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed March 23, 2015
Affirmed in part, reversed in part, and remanded
Hudson, Judge**

Roseau County District Court
File No. 68-CR-07-628

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Karen M. Foss, Roseau County Attorney, Michael P. Grover, Assistant County Attorney, Roseau, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Kathryn Lockwood, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Hudson, Presiding Judge; Bjorkman, Judge; and Minge, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**HUDSON**, Judge

Appellant challenges the district court's order denying his motion to correct his sentence. He argues that (1) the Minnesota Department of Corrections (DOC) improperly extended his conditional-release term by failing to award him supervised-release credit for time that he spent incarcerated on a separate offense and (2) the district court erroneously imposed a ten-year conditional-release term. Because appellant did not use the appropriate procedure to obtain judicial review of the DOC's calculation of his conditional-release expiration date, we affirm the district court's order denying the motion to correct sentence. But because the ten-year conditional-release term imposed by the district court was not authorized by law, we reverse and remand for imposition of a five-year conditional-release term.

## FACTS

In October 2005, appellant Jason James Lindgren was designated an extended jurisdiction juvenile, adjudicated delinquent of one count of first-degree criminal sexual conduct, and placed on juvenile probation for three years. The district court stayed execution of the presumptive 144-month adult prison sentence for the period of juvenile probation. In 2007, after appellant admitted that he violated the terms of his juvenile probation, the district court revoked the juvenile probation, stayed execution of the 144-month adult sentence, and placed appellant on adult probation for up to 30 years. Approximately one year later, appellant admitted that he violated the terms of his adult

2

probation. The district court revoked appellant's adult probation, executed the 144-month prison sentence, and imposed a ten-year conditional-release term.

In December 2010, while incarcerated, appellant pleaded guilty to one count of fourth-degree assault of a correctional employee. For this offense, the district court sentenced appellant to an executed prison sentence of one year and one day, to be served consecutively to his sentence for criminal sexual conduct. Appellant subsequently filed a motion to correct his sentence under Minn. R. Crim. P. 27.03, subd. 9, asking that the district court order the DOC to recalculate the expiration date of his criminal-sexual-conduct conditional-release term to account for time that he was incarcerated for assault. The district court denied appellant's motion. This appeal follows.

**D E C I S I O N**

**I**

Appellant argues that the district court erred by denying his motion to modify his sentence. He contends that, because his criminal-sexual-conduct supervised-release term began when he started serving his term of incarceration for assault, and because a defendant's conditional-release term must be reduced by the time completed on supervised release, the DOC must recalculate the expiration date for his conditional-release term to reflect the time that he was incarcerated for assault. *See* Minn. Stat. § 609.109, subd. 7(a) (2004) (stating that the term of the relevant conditional-release period here is five years "minus the time . . . served on supervised release"). Appellant seeks judicial review of the DOC's calculation of his conditional-release expiration date

3

under Minn. R. Crim. P. 27.03, subd. 9, which permits the district court to correct a sentence "not authorized by law" at any time.

We must first consider whether appellant utilized the proper procedure to obtain judicial review of the DOC's calculation of his conditional-release expiration date. The Minnesota Supreme Court recently held that an offender may bring a rule 27.03 motion to correct sentence only when the offender is challenging the legality of the original sentence imposed by the district court. *State v. Schnagl*, 859 N.W.2d 297, 301 (Minn. 2015). The court explained that because a request to correct a release term is a challenge to an administrative decision made by the DOC, and because the DOC's administrative decisions do not "involve the legality of the sentence imposed by the district court," judicial review of those decisions may be obtained only by filing a petition for a writ of habeas corpus. *Id*. at 302.[1] The court concluded that, when an offender seeks judicial review of a DOC administrative decision by filing a rule 27.03 motion to correct sentence, the district court should deny that motion without reaching the merits of the underlying issue. *Id*. at 303.

Here, appellant seeks a modification of his conditional-release expiration date, which is an administrative decision made by the DOC. *Id*. at 302; *see also State v. Schwartz*, 628 N.W.2d 134, 140 (Minn. 2001) (stating that conditional release begins after the imposition of sentence and is supervised by an administrative agency). Thus, to

---

[1] The supreme court concluded that a habeas corpus petition was the appropriate procedure to seek review of the DOC's administrative decisions because those petitions require the DOC to be named as a party and allow the DOC to present evidence to the district court that will form a record for the district court's decision. *Schnagl*, 859 N.W.2d at 302–03.

seek judicial review of that decision, appellant must file a petition for habeas corpus in which the commissioner of corrections is a named party. *Schnagl*, 859 N.W.2d at 303. But appellant did not do so here; instead, he sought judicial review of the DOC's administrative decision by filing a motion to correct sentence under Minn. R. Crim. P. 27.03, subd. 9. Because appellant did not use the proper procedure to obtain judicial review, we affirm the district court's decision to deny his motion to correct sentence, but we do so without considering the merits of that motion.[2]

## II

Appellant also argues that the district court erred by originally imposing a ten-year conditional-release term for his first-degree criminal-sexual-conduct offense. The state concedes that the district court erred. We agree. In early 2005, when appellant committed the offense, the applicable statute required that a five-year conditional-release term be imposed, with credit for time completed on supervised release. Minn. Stat. § 609.109, subd. 7 (2004). The legislature subsequently amended the statute to require that a ten-year conditional-release term be imposed for certain sex offenses committed after August 1, 2005. *See* 2005 Minn. Laws ch. 136, art. 2, § 21, at 931; Minn. Stat. § 609.3455, subd. 6 (2006) (codification of amendment). Because appellant committed the criminal-sexual-conduct offense prior to August 1, 2005, we conclude that the district court erred when it imposed a ten-year conditional-release term. Accordingly, we reverse

---

[2] We recognize that appellant did not have the benefit of the supreme court's decision in *Schnagl* when he filed his motion to correct sentence. And, like the supreme court in *Schnagl*, we also emphasize that nothing in this opinion should preclude appellant from filing a petition for a writ of habeas corpus if he remains under the supervision of the commissioner of corrections.

the district court's imposition of the ten-year term and remand to the district court for modification of the conditional-release term to five years.

**Affirmed in part, reversed in part, and remanded.**