*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-2089**

Ramone Robinson, petitioner,
Respondent,

vs.

City of Minneapolis,
Department of Regulatory Services,
Appellant.

**Filed August 8, 2016
Reversed
Peterson, Judge**

Hennepin County District Court
File No. 27-CV-15-6850

Morgan G. Smith, Smith and Raver, LLP, Minneapolis, Minnesota (for respondent)

Susan L. Segal, Minneapolis City Attorney, Lee C. Wolf, Assistant City Attorney, Minneapolis, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Peterson, Judge; and Rodenberg, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

This appeal is from a district court order that denied appellant's motion to dismiss for lack of subject-matter jurisdiction and granted respondent's motion to vacate a default

order entered by an administrative-hearing officer. Because the district court lacked subject-matter jurisdiction to consider the motion to vacate, we reverse.

## FACTS

Appellant City of Minneapolis Department of Regulatory Services issued a notice of revocation of the rental license for property owned by respondent Ramone Robinson. Robinson appealed, and, following a hearing, the Minneapolis City Council voted to finalize the rental-license revocation.

About five months later, the Minneapolis Department of Housing Inspections (MDHI) learned that the property was still occupied. An MDHI inspector visited the property, talked to people there, determined that people were living at the property in violation of the license revocation, and issued a $2,000 citation for the unlicensed rental unit. The inspector mailed the citation to the address for the property, which Robinson listed as his address.

Robinson appealed the citation, and MDHI sent notice of the appeal hearing to Robinson at the property. Three days after the notice was sent, Robinson notified MDHI that he could not appear on the scheduled date for the hearing. The hearing was rescheduled, and MDHI asserts that it sent the notice of the rescheduled hearing to the address for the property.

Robinson did not appear at the rescheduled hearing, and an administrative-hearing officer issued a default order for the $2,000 citation against the property. Notice of the default order was mailed to the address for the property. Robinson appeared at MDHI, claiming that he had not received the notice for the rescheduled hearing. MDHI informed

2

Robinson that he could challenge the default order by appealing to the Minnesota Court of Appeals.

Almost eight months later, Robinson brought a motion in the district court seeking to vacate the default order. The city moved to dismiss for lack of subject-matter jurisdiction and for an order denying Robinson's motion. The district court determined that it had subject-matter jurisdiction under Minn. Stat. § 462.361 (2014) and granted Robinson's motion to vacate the default order. This appeal followed.

## D E C I S I O N

"Subject-matter jurisdiction is the court's authority to hear the type of dispute at issue and to grant the type of relief sought." *Seehus v. Bor-Son Constr., Inc.*, 783 N.W.2d 144, 147 (Minn. 2010). Whether subject-matter jurisdiction exists is a question of law, which this court reviews de novo. *Nw. Airlines, Inc. v. Metro. Airports Comm'n*, 672 N.W.2d 379, 381 (Minn. App. 2003), *review denied* (Minn. Feb. 25, 2004).

If no right of review is provided by statute or appellate rules, the quasi-judicial decisions of a municipality are reviewable only by certiorari. *County of Washington v. City of Oak Park Heights*, 818 N.W.2d 533, 539 (Minn. 2012). "If a writ of certiorari . . . is the exclusive method by which to challenge a municipality's decision, then the district court lacks subject-matter jurisdiction to hear the case." *Id.* at 538. A court that lacks subject-matter jurisdiction must dismiss a claim. *State v. Schnagl*, 859 N.W.2d 297, 301 (Minn. 2015) (citing *Tischer v. Hous. & Redev. Auth.*, 693 N.W.2d 426, 427 (Minn. 2005)).

The indicia of a quasi-judicial decision are "(1) investigation into a disputed claim and weighing of evidentiary facts; (2) application of those facts to a prescribed standard;

3

and (3) a binding decision regarding the disputed claim." *Minn. Ctr. for Envtl. Advocacy v. Metro. Council*, 587 N.W.2d 838, 842 (Minn. 1999). The district court correctly determined that the city's adjudication of the licensing matter and entry of a default order constituted a quasi-judicial decision.

But the district court also determined that Minn. Stat. § 462.361, subd. 1, provided Robinson a right of review by the district court. That statute states:

> Any person aggrieved by an ordinance, rule, regulation, decision or order of a governing body or board of adjustments and appeals acting pursuant to sections 462.351 to 462.364 may have such ordinance, rule, regulation, decision or order, reviewed by an appropriate remedy in the district court, subject to the provisions of this section.

Minn. Stat. § 462.361, subd. 1.

The district court determined that Minn. Stat. § 462.361, subd. 1,

> provides that "orders" issued by a "board of adjustments and appeals" acting pursuant to the relevant statute can be the subject of actions seeking "appropriate remedy" in the district court. There has been an order here, for default, *issued pursuant to Minn. Stat. § 462.362*, under which [respondent] now seeks relief. Additionally, the relief sought is for vacation of an order under Minn. R. Civ. P. 60.02, a type of relief that district courts routinely provide.

(Emphasis added.)

We do not agree that the order for default was issued pursuant to Minn. Stat. § 462.362, which states:

> A municipality may by ordinance provide for the enforcement of ordinances or regulations adopted under sections 462.351 to 462.364 and provide penalties for violation thereof. A municipality may also enforce any provision of sections 462.351 to 462.364 or of any ordinance adopted thereunder by

4

> mandamus, injunction, or any other appropriate remedy in any court of competent jurisdiction.

Minn. Stat. § 462.362 (2014).

Under the plain language of this statute, a municipality is only permitted to "provide for the enforcement of ordinances or regulations adopted under sections 462.351 to 462.364." The legislature has stated that "[i]t is the purpose of sections 462.351 to 462.364 to provide municipalities, in a single body of law, with the necessary powers and a uniform procedure for adequately conducting and implementing municipal planning." Minn. Stat. § 462.351 (2014). The citation that Robinson received was for violating Minneapolis Code of Ordinances § 244.1970, which requires that a rental dwelling be vacated when a rental-dwelling license has been revoked. Section 244.1970 does not involve the powers and procedure for conducting and implementing municipal planning and could not have been adopted by the City of Minneapolis under sections 462.351 to 462.364. Consequently, Robinson is not a person aggrieved by a decision of a board of adjustments and appeals *acting pursuant to sections 462.351 to 462.364*, and he, therefore, does not have a right under Minn. Stat. § 462.361, subd. 1, to have the default order reviewed in the district court. *See Centra Homes, LLC v. City of Norwood Young Am.*, 834 N.W.2d 581, 586 (Minn. App. 2013) (explaining that sections 462.351 to 462.364 govern municipal land-use regulation and concluding that section 462.361, subdivision 1, did not permit developer and builders' associations to bring an action in district court to obtain review of the city's building-permit fees because the fees came within the state building code and not chapter 462); *Lam v. City of St. Paul*, 714 N.W.2d 740, 743 (Minn. App. 2006) (concluding that

5

section 462.361 did not give district court jurisdiction over city council's licensing decision although a zoning decision was an integral part of the licensing decision).

Because Minn. Stat. § 462.361, subd. 1, does not provide a right of review of the default order in the district court, the quasi-judicial decision is reviewable only by certiorari, and the district court lacked subject-matter jurisdiction. The district court, therefore, erred when it denied appellant's motion to dismiss for lack of subject-matter jurisdiction.

**Reversed.**