*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2362**

State of Minnesota,
Appellant,

vs.

Richard Allen Ihnot,
Respondent.

**Filed September 14, 2015
Reversed
Schellhas, Judge**

Anoka County District Court
File No. 02-K6-95-011844

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Anthony C. Palumbo, Anoka County Attorney, Marcy S. Crain, Assistant County Attorney, Anoka, Minnesota (for appellant)

Cathryn Middlebrook, Chief Appellate Public Defender, St. Paul, Minnesota (for respondent)

        Considered and decided by Reyes, Presiding Judge; Schellhas, Judge; and Harten, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**SCHELLHAS**, Judge

Appellant challenges the district court's order modifying the expiration of respondent's conditional-release term. We reverse.

**FACTS**

A jury convicted respondent Richard Allen Ihnot of four counts of first-degree criminal sexual conduct against his live-in girlfriend's child. On February 16, 1996, the district court sentenced Ihnot to 244 months' imprisonment. On May 30, 2000, the court added a mandatory ten-year conditional-release term to Ihnot's sentence.[1]

On August 17, 2009, the Minnesota Department of Corrections (DOC) placed Ihnot on supervised release for a period of 77 months and 21 days with an expiration date of February 5, 2016. Ihnot's conditional-release term was scheduled to expire on August 14, 2019. On June 8, 2010, the DOC returned Ihnot to custody for alleged violations of his supervised-release conditions. The record is unclear about how long Ihnot remained in custody or whether he remains in custody. But the parties agree that as a result of Ihnot's return to custody, the DOC extended the expiration date of Ihnot's conditional-release term to April 6, 2025.

In August 2013, Ihnot moved the district court to correct his sentence under Minn. R. Crim. P. 27.03, subd. 9, seeking to reduce his conditional-release term by an amount

---

[1] Ihnot does not challenge the addition of the conditional-release term.

equal to his original supervised-release term of 77 months and 21 days.[2] After hearing argument from both parties, the court granted Ihnot's motion to correct his sentence, ordering that "[Ihnot] is entitled to have the 77 months and 21 days he was on supervised release deducted from his conditional release period." The state appealed, and we stayed the appeal pending the supreme court's decision in *State v. Schnagl*, 859 N.W.2d 297 (Minn. 2015). After the supreme court issued *Schnagl*, we dissolved the stay.

## D E C I S I O N

Relying on *Schnagl*, appellant State of Minnesota argues that the district court erred by modifying Ihnot's sentence under Minn. R. Crim. P. 27.03, subd. 9, because Ihnot could seek review of the DOC's decision only through a petition for writ of habeas corpus under Minn. Stat. § 589.01 (2014). This argument involves the interpretation of statutes and rules, which is a question of law subject to de novo review. *See State v. Riggs*, 865 N.W.2d 679, 682 (Minn. 2015) ("Statutory interpretation presents a question of law, which [appellate courts] review de novo."); *State v. Johnson*, 744 N.W.2d 376, 379 (Minn. 2008) ("Interpretation of the rules of criminal procedure is a question of law, which [appellate courts] review de novo.").

Schnagl's executed sentence included a five-year conditional-release term. *Schnagl*, 859 N.W.2d at 299. While Schnagl was serving his term of supervised release, the DOC revoked his supervised release on two separate occasions due to supervised-release violations. *Id.* "When Schnagl was later released from custody to begin his conditional-release term, the [DOC] notified Schnagl that he was not entitled to credit for

---

[2] Ihnot did not name the DOC as a party.

the time spent in custody for his supervised-release violations, and therefore his conditional-release expiration date was extended." *Id.* Schnagl moved to correct his sentence under Minn. R. Crim. P. 27.03, subd. 9. *Id.* The state argued that the district court lacked jurisdiction over the matter and that Schnagl's motion lacked merit. *Id.* The court concluded that it had jurisdiction over the matter but denied Schnagl's motion on the merits. *Id.* at 299−300. On appeal, the state renewed its jurisdictional argument. *Id.* at 300. We rejected that argument and affirmed the district court, "explaining that Schnagl was not entitled to credit against his conditional-release term for time spent in custody for supervised-release violations." *Id.* (footnote omitted).

The supreme court granted Schnagl's petition for further review, concluded that "the district court had subject matter jurisdiction over Schnagl's motion," and then considered the "proper procedure [for Schnagl] to obtain judicial review of the [DOC]'s decision." *Id.* at 301−02. The supreme court concluded that

> a motion to correct a sentence under Minn. R. Crim. P. 27.03, subd. 9, is not the proper procedure to obtain judicial review of the [DOC]'s administrative decision implementing the sentence imposed by the district court. Instead, judicial review of the [DOC]'s administrative decision implementing the sentence imposed may be obtained by a petition for a writ of habeas corpus in which the [DOC] is a named party.

*Id.* at 303 (footnote omitted).

Here, through a motion to correct his sentence under rule 27.03, subd. 9, Ihnot has challenged the DOC's extension of his conditional-release term that resulted from the revocation of his supervised release. *Schnagl* dictates that the proper procedure for Ihnot to obtain judicial review of the DOC's administrative decision to extend his conditional-

4

release term is a petition for a writ of habeas corpus in which the DOC is a named party. *See id.* Because Ihnot's motion to correct a sentence under Minn. R. Crim. P. 27.03, subd. 9, was an improper procedure to obtain judicial review of the DOC's administrative decision, we reverse the district court's order granting his motion.

Ihnot argues that the state waived this procedural argument by failing to raise it to the district court. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996) ("[Appellate courts] generally will not decide issues which were not raised before the district court . . . ."). We disagree. In district court, Ihnot sought review of the DOC's administrative decision that extended his conditional-release term, not the district court's sentence. *See Schnagl*, 859 N.W.2d at 302 (stating that "a request for the correction of a release term challenges the decision of the *Commissioner of Corrections*," which "does not involve the legality of the sentence imposed by the district court" (emphasis in original)). The state cannot waive a procedural argument that belongs to the DOC, a nonparty. In the absence of the DOC as a party, the district court's order that "[Ihnot] is entitled to have the 77 months and 21 days he was on supervised release deducted from his conditional release period" could very well be a nonbinding advisory opinion. *See id.* at 303 ("In the absence of the [DOC] as a party, a district court's order directing the [DOC] to correct the expiration date of a conditional-release term could very well be a non-binding advisory opinion.").

Because we reverse for Ihnot's failure to use the proper procedure to obtain review of the DOC's administrative decision, we need not reach the merits of the state's statutory-interpretation argument. We note, as did the supreme court in *Schnagl*, that

"[n]othing in this opinion . . . preclud[es Ihnot] from filing a petition for habeas corpus if he continues to seek relief from the [DOC]'s decision and remains in custody." *See id.* at 304 n.9.

**Reversed.**