STATE OF MINNESOTA

IN SUPREME COURT

A14-0906

Court of Appeals                                                                                Gildea, C.J.

Willie Edd Reynolds,

                    Respondent,

vs.                                                                                Filed:  December 7, 2016
                                                                                Office of Appellate Courts

State of Minnesota,

                    Appellant.

_____

Cathryn Middlebrook, Chief Appellate Public Defender, Kathryn J. Lockwood, Assistant, State Public Defender, Saint Paul, Minnesota, for respondent.

Lori Swanson, Attorney General, Saint Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, Minnesota, for appellant.

_____

S Y L L A B U S

1.      The imposition of a 10-year conditional-release term in violation of *Blakely v. Washington*, 542 U.S. 296 (2004), is a sentence not authorized by law under Minn. R. Crim. P. 27.03, subd. 9.

2.      Because applying the 2-year limitations period in Minn. Stat. § 590.01, subd. 4 (2014), to a motion brought under Minn. R. Crim. P. 27.03, subd. 9, violates the

1

separation of powers, an offender who contends under Rule 27.03, subdivision 9 that his sentence was not authorized by law is not required to bring such a challenge in a postconviction petition.

Affirmed.

O P I N I O N

GILDEA, Chief Justice.

The question presented in this case is whether an offender who contends that his sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004), must bring that challenge before the expiration of the 2-year limitations period in the postconviction statute, Minn. Stat. § 590.01, subd. 4 (2014). Respondent Willie Edd Reynolds challenged the imposition of a 10-year conditional-release term as part of his sentence under Minn. R. Crim. P. 27.03, subd. 9. Reynolds claimed that the conditional-release term was not authorized by law because it was imposed without a jury finding or an admission that he was a risk-level-III offender at the time he committed his offense. The district court treated this challenge as a petition for postconviction relief and held that the claim was untimely under the limitations period in Minn. Stat. § 590.01, subd. 4. The court of appeals reversed, vacated Reynolds's conditional-release term, and remanded to the district court. Because we conclude that Reynolds's challenge was properly brought under Minn. R. Crim. P. 27.03, subd. 9, and that applying the 2-year limitations period in the postconviction statute, Minn. Stat. § 590.01, subd. 4, to a motion brought under Minn. R. Crim. P. 27.03, subd. 9, would violate the separation of powers, we affirm.

On September 23, 2008, Reynolds pleaded guilty to failing to register as a predatory offender. The district court sentenced Reynolds to 1 year and 1 day in prison. On January 12, 2009, acting sua sponte, the district court modified Reynolds's sentence to include a 10-year conditional-release term. The record does not reflect the basis for the conditional-release term, but Minn. Stat. § 243.166, subd. 5a (2014), mandates a 10-year conditional-release term for any person convicted of failing to register as a predatory offender if the person "was assigned to risk level III under section 244.052" at the time of the offense.

More than 4 years later, Reynolds brought a motion under Minn. R. Crim. P. 27.03, subd. 9, to correct his sentence. Reynolds argued that the conditional-release term was not supported by a jury finding or his admission to being a risk-level-III offender at the time of the offense, as required by *Blakely*, 542 U.S. 296. The district court treated Reynolds's motion as a petition for postconviction relief under Minn. Stat. § 590.01 (2014). The court then determined that the 2-year limitations period in Minn. Stat. § 590.01, subd. 4, required the dismissal of Reynolds's claim.

The court of appeals reversed. The court held that Reynolds's challenge to his conditional-release term fell within the scope of Rule 27.03, subdivision 9, and therefore, it could be brought at any time. *Reynolds v. State*, 874 N.W.2d 257, 264 (Minn. App. 2016). Applying *State v. Her*, 862 N.W.2d 692, 696 (Minn. 2015), the court concluded that the imposition of the conditional-release term violated Reynolds's Sixth Amendment right to a jury trial. *Reynolds*, 874 N.W.2d at 263. The court vacated Reynolds's

3

conditional-release term and remanded to the district court. *Id.* at 264. We granted the State's petition for review.

On appeal, the State makes two arguments. First, the State argues that Reynolds's challenge is outside the scope of Minn. R. Crim. P. 27.03, subd. 9, because his sentence is "authorized by law." Second, the State argues that even if Reynolds's motion falls within the scope of Rule 27.03, subdivision 9, the exclusivity provision in the postconviction statute, Minn. Stat. § 590.01, subd. 2, nevertheless requires Reynolds to challenge his sentence in a postconviction petition. As a result, Reynolds's challenge would be subject to, and untimely filed under, the 2-year limitations period in the postconviction statute, Minn. Stat. § 590.01, subd. 4.[1] We address each argument in turn.

I.

We turn first to the State's argument that Reynolds's motion to correct his sentence falls outside the scope of Minn. R. Crim. P. 27.03, subd. 9. Under this rule, "[t]he court may at any time correct a sentence not authorized by law." *Id.* The interpretation of the Minnesota Rules of Criminal Procedure is a question we review de novo.[2] *Ford v. State*,

---

[1]    The State does not dispute the underlying merits of Reynolds's challenge to his conditional-release term. More specifically, the State has not contested the court of appeals' conclusion that based on *Her*, 862 N.W.2d at 696, Reynolds has a right to have a jury determine whether he was a risk-level-III offender at the time he failed to register, nor has the State argued that *Her* does not apply to Reynolds because his conviction was final before *Her* was decided.

[2]    Even though Reynolds brought his challenge under Rule 27.03, the district court treated it as a petition for postconviction relief. The State asks us to decide the proper standard of review when examining a district court's decision to treat a motion under Rule 27.03, subdivision 9, as a petition for postconviction relief under Minn. Stat.

690 N.W.2d 706, 712 (Minn. 2005). In interpreting Rule 27.03, subdivision 9, we have said that "[f]or a sentence to be unauthorized, it must be contrary to law or applicable statutes." *State v. Schnagl*, 859 N.W.2d 297, 301 (Minn. 2015).

The State contends that the phrase "not authorized by law" is a term of art that permits challenges only to facially invalid sentences that a court could never impose on the offender because they violate a statute or constitutional provision, such as a sentence that exceeds the statutory-maximum sentence for the offense. The State argues that Reynolds's 10-year conditional-release term is not facially invalid because the district court could have imposed the conditional-release term if it had followed the proper procedures by either obtaining Reynolds's admission that he was a risk-level-III offender at the time he failed to register or submitting the issue to a sentencing jury. For his part, Reynolds argues that his challenge falls within the scope of Rule 27.03, subdivision 9. We agree with Reynolds.

The imposition of a 10-year conditional-release term without a jury's finding or a defendant's admission that he was a risk-level-III offender at the time of the offense is a sentence that is not authorized by law. The Sixth Amendment, as incorporated by the Due Process Clause of the Fourteenth Amendment, limits a state court's authority to sentence a defendant. *Her*, 862 N.W.2d at 695 (citing *Blakely*, 542 U.S. at 306). A court exceeds its

---

§ 590.01. We decline to decide this issue here. Under either a de novo standard of review or a more deferential abuse of discretion standard, the district court, for the reasons explained below, erred in treating Reynolds's motion as a petition for postconviction relief. *See Wayne v. State*, 870 N.W.2d 389, 391 n.2 (Minn. 2015) ("We decline the State's invitation to adopt a definitive standard of review because, regardless of the amount of deference, . . . we would conclude that the court did not err when it treated Wayne's motion as a petition for postconviction relief.").

authority when it "imposes a sentence 'that the jury's verdict alone does not allow.' " *Id.* (quoting *Blakely*, 542 U.S. at 304). As we explained in *Her*, a court simply lacks authority after *Blakely* to impose a 10-year term of conditional release on a defendant convicted of failing to register as a predatory offender without the required jury finding or admission by the defendant that the defendant is a risk-level-III offender. *Her*, 862 N.W.2d at 695.

In this case, a jury did not determine that Reynolds was a risk-level-III offender at the time he failed to register. And Reynolds did not admit at his guilty plea hearing that he was a risk-level-III offender at the time he committed the offense. Because the Sixth Amendment requires a jury finding or an admission by the defendant before a court may impose a 10-year conditional-release term, *see Her*, 862 N.W.2d at 695, and neither occurred here, Reynolds's 10-year conditional-release term was not authorized by law. Accordingly, we hold that Reynolds properly brought his challenge under Rule 27.03, subd. 9.[3]

## II.

Even though we have concluded that Reynolds's challenge falls within the scope of Rule 27.03, subdivision 9, the State still contends that the challenge is subject to the limitations period in the postconviction statute. Reynolds argues that the limitations period does not apply to motions brought under Rule 27.03, subdivision 9. The parties' arguments

---

[3] The parties discuss earlier versions of Rule 27.03, subdivision 9, and an advisory committee comment to the rule. Because there is no ambiguity in the rule, it is not necessary for us to look beyond the rule's text.

present an issue of statutory interpretation that we review de novo. *State v. Coles*, 862 N.W.2d 477, 479 (Minn. 2015).

In arguing that Reynolds's challenge is subject to the postconviction statute, including its 2-year limitations period, the State relies on Minn. Stat. § 590.01, subd. 2. This provision states that the postconviction "remedy takes the place of any other . . . remedies which may have been available for challenging [a] . . . sentence . . . and must be used exclusively in place of them unless it is inadequate or ineffective to test the legality of the conviction, sentence or other disposition."[4] *Id.* The State argues that this exclusivity provision prevents a defendant from using Minn. R. Crim. P. 27.03, subd. 9, to collaterally challenge a sentence and mandates that such a challenge be brought in a postconviction petition. According to the State, a defendant's collateral challenge to a sentence is therefore subject to the 2-year limitations period in Minn. Stat. § 590.01, subd. 4.

Reynolds disagrees and maintains that the exclusivity provision does not preclude his Minn. R. Crim. P. 27.03, subd. 9 motion. Specifically, Reynolds points out that Minn. Stat. § 590.01, subd. 2, excludes only remedies that "may have been" available at the time the statute was enacted. Because the term "may have been" is past tense, Reynolds argues

---

[4] In urging us to hold that his motion is not subject to the postconviction statute, Reynolds argues that the remedy under the postconviction statute is not adequate in this case because the limitations period had expired by the time he brought his motion. Reynolds raises this argument for the first time on appeal to our court. Accordingly, we decline to address it. *State v. Williams*, 794 N.W.2d 867, 874 (Minn. 2011) ("[The court] ordinarily do[es] not consider issues raised for the first time on appeal, even when those issues are constitutional questions of criminal procedure or are challenges to the constitutionality of a statute." (citing *State v. Henderson*, 706 N.W.2d 758, 759 (Minn. 2005))).

that Minn. Stat. § 590.01, subd. 2, excludes only those remedies in existence at the time the Legislature enacted the statute. Rule 27.03, subdivision 9, Reynolds notes, was promulgated in 1975, after the Legislature enacted the postconviction statute in 1967. Accordingly, Reynolds argues that the postconviction statute is not his exclusive remedy.

Reynolds's interpretation is contrary to the legislative directive in Minn. Stat. § 645.08(2) (2014), that "words used in the past or present tense include the future." The future tense of the phrase "may have been" is "may be." The exclusivity provision in Minn. Stat. § 590.01, subd. 2, therefore precludes the use of alternate remedies that were available at the time the Legislature enacted the statute and those that became available thereafter. Thus, the fact that we adopted Minn. R. Crim. P. 27.03, subd. 9, after the Legislature enacted section 590.01 does not, as Reynolds argues, render the exclusivity provision inapplicable. As the State suggests, the plain language of Minn. Stat. § 590.01, subd. 2, requires that a collateral challenge to a sentence be brought within the parameters of the postconviction statute, including the 2-year limitations period. *See* Minn. Stat. § 590.01, subd. 4(a).

Applying the 2-year limitations period to Reynolds's challenge, however, leads to a conflict between the statute and the rule. Under the rule, the court may correct a sentence unauthorized by law at "any time," *see* Minn. R. Crim. P. 27.03, subd. 9, but challenges to sentences brought under the postconviction statute must be brought within 2 years of a conviction or disposition of a direct appeal, *see* Minn. Stat. § 590.01, subd. 4(a). This conflict between the statute and the rule generates a possible separation of powers issue under the Minnesota Constitution. *See* Minn. Const. art. III, § 1 ("The powers of

8

government shall be divided into three distinct departments: legislative, executive and judicial. No person or persons belonging to or constituting one of these departments shall exercise any of the powers properly belonging to either of the others . . . .").

Whether a statute is unconstitutional under separation of powers principles is an issue we review de novo. *State v. Losh*, 721 N.W.2d 886, 891 (Minn. 2006). We exercise great restraint when considering the constitutionality of statutes, particularly in the context of separation of powers issues. *Id.* Nonetheless, " 'courts have the power to determine what is judicial and what is legislative; and . . . [we] must not hesitate to preserve what is essentially a judicial function.' " *Id.* (quoting *State v. McCoy*, 682 N.W.2d 153, 160 n.7 (Minn. 2004)).

In order to "determin[e] whether a statute impermissibly infringes on a judicial function, we examine the nature of the statute. The judicial branch governs procedural matters, while the creation of substantive law is a legislative function." *State v. Lemmer*, 736 N.W.2d 650, 657 (Minn. 2007); *see also State v. Lindsey*, 632 N.W.2d 652, 658 (Minn. 2001) ("This court has 'primary responsibility under the separation of powers doctrine for . . . matters of trial and appellate procedure.' " (quoting *State v. Olson*, 482 N.W.2d 212, 215 (Minn. 1992))). Thus, if a statute attempts to restrict the use of a court procedural rule, the statute could impermissibly infringe on a judicial function and be unconstitutional. The central question then in addressing Reynolds's separation-of-powers argument is whether the correction of a sentence is procedural or substantive.

A procedural rule " 'neither creates a new cause of action nor deprives [a] defendant of any defense on the merits.' " *Losh*, 721 N.W.2d at 891 (quoting *State v. Johnson*,

9

514 N.W.2d 551, 555 (Minn. 1994)).  But a rule is substantive, and not procedural, when it " 'creates, defines and regulates rights.' "  *Johnson*, 514 N.W.2d at 554 (quoting *Stern v. Dill*, 442 N.W.2d 322, 324 (Minn. 1978)).  We have explained that "while Minnesota's Constitution grants us inherent authority over the procedures *within* Minnesota's courts, this authority does not extend to the power to determine when a person may bring a cause of action *to* Minnesota's courts."  *Sanchez v. State*, 816 N.W.2d 550, 566 (Minn. 2012) (internal citation omitted) (characterizing Minn. Stat. § 590.01 as a "cause of action" and upholding the limitations period in Minn. Stat. § 590.01, subd. 4, as a restriction on a substantive right created by the Legislature).  In *Sanchez*, we recognized that the limitations period in the postconviction statute is substantive and that application of the limitations period to a postconviction petition challenging a conviction does not violate separation of powers principles even though it may prevent a defendant from challenging his conviction in court.  816 N.W.2d at 566.

In this case, Reynolds is not challenging his conviction; he is challenging his sentence.  Although the Legislature has the power to fix the limits of punishment for a crime, "the imposition of a sentence in a particular case within those limits is a judicial function."  *State v. Misquadace*, 644 N.W.2d 65, 68 (Minn. 2002).  Rule 27.03, subdivision 9, creates a procedure to be used within an existing criminal case for the district court to correct a sentence that is not authorized by law.  *See State v. Fields*, 416 N.W.2d 734, 736 (Minn. 1987) ("We believe that Minn. R. Crim. P. 27.03, subd. 9, allows the

defendant to challenge the [sentencing] departure by a simple motion at the time of the revocation hearing.").[5]

Rule 27.03, subdivision 9, does not create a new cause of action or deny a defendant a defense on the merits. The rule is procedural, and the process it creates facilitates the performance of a judicial function: sentencing. To the extent that the limitations period in Minn. Stat. § 590.01, subd. 4, interferes with the process laid out in the rule, the statute violates the separation of powers. *See Losh*, 721 N.W.2d at 891 (determining that a statute restricting the time period in which a defendant could appeal a sentence was procedural and in violation of the separation of powers); *Johnson*, 514 N.W.2d at 555-56 (holding that a statute that regulated the certification of a misdemeanor as a petty misdemeanor was procedural).

This conclusion is consistent with our holding in *Losh*. There, we considered whether statutory time limits on sentencing appeals violated the separation of powers when the rules of criminal procedure allowed a longer appeal period than a statute. 721 N.W.2d

---

[5] Even before the adoption of Minn. R. Crim. P. 27.03, subd. 9, district courts had the power to correct illegal sentences. *State v. Hockensmith*, 417 N.W.2d 630, 632 (Minn. 1988) (stating in a discussion of a district court's authority prior to the promulgation of the criminal rules that "[a]n illegal sentence could be corrected at any time but a lawful sentence could be modified in the trial court's discretion only during the duration of the term of court"); *see also United States v. Bradford*, 194 F.2d 197, 200 (2d Cir. 1952) ("At common law there were always exceptions to the doctrine that a court lost jurisdiction over its judgments, civil or criminal, with the expiration of the term at which they were entered. These exceptions included clerical mistakes and a sentence which the judgment did not support."); *Hammers v. United States*, 279 F. 265, 266 (5th Cir. 1922) ("Where there is a conviction, accompanied by a void sentence, the court's jurisdiction of the case for the purpose of imposing a lawful sentence is not lost by the expiration of the term at which the void sentence was imposed.").

at 890-91. We determined that the statute setting a time limit for filing an appeal was procedural and violated the separation of powers. *Id.* at 892. Although the district court's correction of a sentence is not an appeal, both this case and *Losh* involve the timeframe under which a court may exercise its authority to correct a sentence, without requiring the filing of a new collateral proceeding. *Cf. Fields*, 416 N.W.2d at 736 (describing motions under Rule 27.03, subdivision 9, as less formal than those brought under Minn. Stat. § 590.01). And just as the statute at issue in *Losh* could not impinge on the performance of a judicial function in the face of a contrary rule of procedure, the postconviction statute's limitations period cannot restrict the performance of the judicial function in this case.

Based on this analysis, interpreting the exclusivity provision in Minn. Stat. § 590.01, subd. 2, to require application of the postconviction statute's limitations period to Reynolds's claim unconstitutionally encroaches on the judicial sentencing power. Even with these constitutional deficiencies, however, we may accept the limitations period in the postconviction statute as a matter of comity. *See Losh*, 721 N.W.2d at 892. We decline to do so. We previously recognized the importance of Minn. R. Crim. P. 27.03, subd. 9, and refused to acquiesce to a statute as a matter of comity that "could limit a defendant's ability to obtain relief from an illegal sentence under Minn. R. Crim. P. 27.03, subd. 9." *See Losh*, 721 N.W.2d at 892. We reach the same conclusion in this case.

In urging us to reach the opposite conclusion, the State contends that refusing to recognize the exclusivity provision of Minn. Stat. § 590.01, subd. 2, and enforce the 2-year limitations period, will overrule our retroactivity jurisprudence and lead to many more motions for sentencing relief. Our holding, however, has no effect on our retroactivity

12

jurisprudence.  As we noted in *Schnagl*, for a sentence to be eligible for correction under Rule 27.03, subdivision 9, the sentence must have been illegal at the time it was imposed. 859 N.W.2d at 301.  Under our retroactivity jurisprudence, new rules of constitutional criminal procedure generally do not apply to cases that became final before the rule was announced. *See Campos v. State*, 816 N.W.2d 480, 488 (Minn. 2012).  If a new sentencing rule does not apply retroactively, then any sentence in contravention of the new rule would not give rise to a valid challenge under Rule 27.03, subdivision 9.

For the foregoing reasons, we hold that applying the 2-year limitations period in Minn. Stat. § 590.01, subd. 4, to a Minn. R. Crim. P. 27.03, subd. 9 motion violates the separation of powers.  As a result, Reynolds did not need to challenge his conditional-release term in a postconviction petition, and the 2-year limitations period in Minn. Stat. § 590.01, subd. 4, does not apply to Reynolds's claim.  Reynolds was therefore entitled to relief under Minn. R. Crim. P. 27.03, subd. 9.

Affirmed.