*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-0827**

State of Minnesota,
Respondent,

vs.

Javion Tramel Ladon Henry,
Appellant.

**Filed April 15, 2024
Reversed and remanded
Frisch, Judge**

Carver County District Court
File No. 10-CR-22-527

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Mark Metz, Carver County Attorney, Kevin A. Hill, Assistant County Attorney, Chaska, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Andrew J. Nelson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Gaïtas, Presiding Judge; Worke, Judge; and Frisch, Judge.

**NONPRECEDENTIAL OPINION**

**FRISCH**, Judge

In this direct appeal following sentencing, appellant argues that the district court abused its discretion by imposing a ten-year conditional-release period that was

unauthorized by law and by including out-of-state convictions in calculating his criminal-history score. Because the district court abused its discretion in both respects, we reverse appellant's sentence and remand for the district court to vacate the ten-year conditional-release period and resentence appellant based on a correct criminal-history score.

**FACTS**

On June 27, 2022, respondent State of Minnesota charged appellant Javion Tramel Ladon Henry with one count of failing to register as a predatory offender in violation of Minnesota Statutes section 243.166, subdivision 5(a)(1) (2020). At a plea hearing on August 1, 2022, Henry entered a plea of guilty as charged with no agreement as to sentencing. The state asked whether Henry was aware that he would be subject to a ten-year conditional-release period after his time in prison. But the state did not inquire about Henry's risk level as a predatory offender.[1] Henry's counsel then questioned Henry to establish the factual basis for the offense. The district court accepted Henry's guilty plea and ordered the completion of a presentence investigation report (PSI).

The probation office generated a PSI, which included Henry's offense history, and a sentencing worksheet, which included a criminal-history-score calculation. As part of its calculation, the probation office relied on three California sexual-battery felony convictions (all with the same offense date) and one North Dakota felony conviction for

---

[1] Minnesota law requires that a person register as a predatory offender if they are convicted of certain offenses specified by the legislature. Minn. Stat. § 243.166, subd. 1b (Supp. 2021). A committee created by the Minnesota Department of Corrections Commissioner, after conducting a risk assessment, assigns the offender a risk level of I, II, or III depending on the risk that the person will reoffend. Minn. Stat. § 244.052, subd. 3(a), (e) (2022).

failing to register as a predatory offender. It also included two Minnesota felony convictions: one for failing to register as a predatory offender and another for third-degree assault. Henry's felony criminal-history score was six and one-half points, with four and one-half points assigned for the California convictions, one point for the North Dakota conviction, and one and one-half point for the Minnesota convictions. Henry's total criminal-history score, according to the calculations, was six.

At the sentencing hearing, the parties agreed that there were no errors in the criminal-history-score calculation, and the state did not provide any additional evidence relating to the out-of-state convictions. Based on a criminal-history score of six, the district court sentenced Henry to 31 months' imprisonment and a ten-year conditional-release term. Henry challenges his sentence in this appeal.

## DECISION

**I. The imposition of the ten-year conditional-release period is unauthorized by law.**

Henry first argues that the district court erred by imposing a ten-year conditional-release period because it had no factual basis upon which it could order such a sentence, and that in the absence of such a factual basis, the district court must vacate the conditional-release period. The state agrees that the district court erred because it lacked a factual basis to impose the conditional-release period, but it argues that the matter should be remanded for the district court to conduct a sentencing trial.

Minnesota statutes section 243.166, subdivision 5a (2020), provides that when a risk-level-III offender is convicted for violating the predatory-offender registration

requirement, "the court shall provide that after the person has been released from prison, the commissioner shall place the person on conditional release for ten years." A "court simply lacks authority . . . to impose a 10-year term of conditional release on a defendant convicted of failing to register as a predatory offender without the required jury finding or admission by the defendant that the defendant is a risk-level-III offender." *Reynolds v. State*, 888 N.W.2d 125, 130 (Minn. 2016) (citing *State v. Her*, 862 N.W.2d 692, 695 (Minn. 2015)). Because there was no jury finding or admission by Henry that he was a risk-level-III offender, the imposition of the ten-year conditional-release period was unauthorized by law.

There is no authority to support the state's suggested remedy that the district court hold a sentencing trial on remand when the facts presented to the district court did not establish an aggravating factor beyond a reasonable doubt. To the contrary, the supreme court acknowledged in *Hankerson v. State*, 723 N.W.2d 232, 238-39 (Minn. 2006), that double jeopardy may preclude a consideration of an aggravating sentencing factor on resentencing when the state presented insufficient evidence at the first trial to support the adoption of the aggravating factor. While the failure to present sufficient facts here occurred at the plea hearing rather than at trial, the state offers no authority or argument supporting its position that the same principles do not apply.[2] We must therefore reverse

---

[2] The state summarily maintains that it is "clear that Defendant was designated risk-level-III at the time of his violation." However, it cites no record evidence in support of that proposition, and our independent review of the record reveals none.

Henry's sentence and remand with instructions to the district court to vacate the conditional-release period.

## II. The district court abused its discretion by considering out-of-state convictions that were not proven by a preponderance of the evidence.

Henry challenges the district court's calculation of his criminal-history score on three grounds. First, Henry contends that the district court erred by relying on out-of-state convictions that the state did not prove by a preponderance of the evidence. Second, he contends that the state failed to prove that all of his California sexual-battery convictions were properly included in the calculation. And third, he contends that the state failed to prove the severity level of the California sexual-battery convictions. We will reverse a district court's criminal-history-score calculation only when the district court abused its discretion. *State v. Maley*, 714 N.W.2d 708, 711 (Minn. App. 2006). Because the district court abused its discretion by considering out-of-state convictions that were not proven by a preponderance of the evidence, we address only Henry's first contention.

The Minnesota Sentencing Guidelines provide the framework for calculating a defendant's criminal score, and a defendant's out-of-state felony convictions must be used in that calculation. *Id.*; Minn. Sent'g Guidelines 2.B (Supp. 2021). But the district court may only include out-of-state convictions in the score calculation if the state provides a sufficient foundation to prove by a "preponderance of the evidence that the prior conviction was valid, the defendant was the person involved, and the crime would constitute a felony in Minnesota." *Maley*, 714 N.W.2d at 711. This burden is not satisfied when the state relies only on a PSI and the sentencing worksheet. *See id*. at 710-13 (holding that the state

5

did not prove the convictions by a preponderance of the evidence when it relied only on uncertified documents, a PSI, and a sentencing worksheet). The PSI and sentencing worksheet were the only bases upon which the state relied to establish the out-of-state convictions. The district court therefore abused its discretion by considering the out-of-state convictions. Because Henry did not challenge his criminal-history-score calculation before the district court, we remand to the district court to allow the state to "further develop the sentencing record." *State v. Outlaw*, 748 N.W.2d 349, 356 (Minn. App. 2008), *rev. denied* (Minn. July 15, 2008).

**Reversed and remanded.**